**PRICE LAW GROUP, APC**
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiffs
ALVIN AND RIMMA SCHLESINGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN AND RIMMA SCHLESINGER, individuals, <br><br> Plaintiff, <br><br> vs. <br><br> CHERRY CREEK STRATEGIC ADVISORS, LLC, a limited liability company; and DOES 1 to 10, inclusive, <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** <br><br> **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** <br> **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## **COMPLAINT FOR DAMAGES**

### I.   INTRODUCTION

1. ALVIN and RIMMA SCHLESINGER ("Plaintiffs") bring this action to secure redress from Cherry Creek Strategic Advisors ("Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.  The FDCPA prohibits false or deceptive practices in connection with the collection of debts.  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiffs' RFDCPA claim is so related to Plaintiffs' FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiffs reside here, and Defendant transacts business here.

## III. PARTIES

4. Plaintiffs are individual consumers, residing in Encino, Los Angeles County, CA 91436. Plaintiffs are natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and "debtors" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

5. Defendant is a foreign limited liability company, headquartered at 17011 Lincoln Avenue, Parker, CO 80134. Defendant's registered agent for service of process is National Registered Agents, Inc., 1675 Broadway, Suite 1200, Denver, CO 80202.

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

///

## IV.     FACTUAL ALLEGATIONS

8.      Within one year prior to the filing of this action, Defendant contacted Plaintiffs attempting to collect on an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus the "alleged debt" is a "debt" as defined by FDCPA 15 U.S.C. § 1692(a)(5) and as a "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9.      Upon information and belief, Defendant continuously and repeatedly calls Plaintiff Rimma Schlesinger on Plaintiff's cellular telephone, telephone number 818-399-2761, from telephone numbers 303-327-9003, 877-746-4044, and 800-831-8083.

10.     Upon information and belief, Defendant continuously and repeatedly calls Plaintiff Rimma Schlesinger at Plaintiff's home, telephone number 808-784-8535, from telephone numbers 303-327-9003, 877-746-4044, and 800-831-8083.

11.     Upon information and belief, Defendant continuously and repeatedly calls Plaintiff Rimma Schlesinger at Plaintiff's workplace, telephone number 310-319-6160 from telephone numbers 303-327-9003, 877-746-4044, and 800-831-8083.

12.     Defendant continues to call Plaintiff Rimma Schlesinger at Plaintiff's workplace despite Plaintiff having advised Defendant not to call Plaintiff at her place of employment.

13.     Despite having been instructed by Plaintiff that Defendant was not to call Plaintiff's workplace, Defendant called Plaintiff's workplace and disclosed Plaintiff's alleged debt to Plaintiff's supervisor, Mr. Gregory Zakhairn.

14.     In disclosing Plaintiff's alleged debt to Mr. Zakhairn, Defendant identified itself as a debt collector and identified the purpose of the call as an attempt to collect an alleged debt from Plaintiff Rimma Schlesinger.

15.     Defendant's conduct has caused Plaintiff embarrassment at Plaintiff's workplace and an uncomfortable situation between Plaintiff and Plaintiff's employer.

16. In addition to continuously and repeatedly calling Plaintiff Rimma Schlesinger on all of her telephone numbers, Defendant has sent Plaintiff Alvin Schlesinger at least one (1) dunning notice in connection to Plaintiff's alleged debt.

### V.   FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

17. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692b(1) by identifying itself as a debt collection company to the consumer's employer without having been expressly requested to do so; and

(b) Defendant violated 15 U.S.C. § 1692b(2) by stating that the consumer owed a debt; and

(c) Defendant violated 15 U.S.C. § 1692b(3) by communicating with the consumer's employer more than once without having been requested to do so by that person; and

(d) Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer; and

(e) Defendant violated 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knew or had reason to know that the consumer's employer prohibits the consumer from receiving such communication; and

(f) Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of a debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector; and

1   (g) Defendant violated 15 U.S.C. § 1692d(2) by using obscene or profane language
2   or language the natural consequence of which is to abuse the hearer or reader; and
3   (h) Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or
4   engaging any person in telephone conversation repeatedly or continuously with the intent to
5   annoy, abuse, or harass any person at the called number; and
6   (i) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means
7   to collect or attempt to collect any debt.
8   19.   Defendant's acts as described above were done intentionally with the purpose of
9   coercing Plaintiff to pay the alleged debt.
10   20.   As a result of the foregoing violations of the FDCPA, Defendant is liable to
11   Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual
12   damages, statutory damages, and costs and attorney fees.

### VI.   SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

21.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

\ \ \

\ \ \

COMPLAINT FOR DAMAGES
14-cv-XXXXXX

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

(b) Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and Cal. Civ. Code § 1788.30(a);

(c) Statutory damages pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(b);

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(c);

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: May 20, 2014

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*